IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMERITAS LIFE INSURANCE CORP., AMERITAS INVESTMENT CORP., AND AMERITAS HOLDING COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> FEDERAL INSURANCE COMPANY, <br><br> Defendant. | **4:16CV3006** <br><br><br> **MEMORANDUM AND ORDER** |

This matter is before the court on Defendant's Motion to Bifurcate Bad Faith Claim for separate trial and to stay discovery on that claim, (Filing No. 46), and Plaintiffs' related Motion to Compel, (Filing No. 69). For the following reasons, the motion to bifurcate will be granted and the motion to compel will be denied without prejudice to re-filing if Plaintiff prevails on the contract action and is permitted to pursue its tort claim for bad faith.

BACKGROUND

Plaintiffs, Ameritas Life Insurance Corp., Ameritas Investment Corp., and Ameritas Holding Company ("Plaintiffs" or "Ameritas") are Nebraska corporations licensed to sell insurance products and securities. Defendant Federal Insurance Company ("Federal") insures life insurance companies and their agents for matters resulting from the alleged wrongful acts of life insurance agents. At the times relevant to Ameritas' complaint, Federal provided a Financial Institution Bond (the "Bond") to Plaintiffs which, under its terms, indemnified Ameritas for "[l]oss resulting directly from dishonest acts . . . of any Employee . . . committed with intent to cause [Ameritas] to sustain such loss." (Filing No. 1-7 at CM/ECF p. 3).

From 2010 to 2012, Ameritas employed Jason Muskey as an agent and broker to solicit and sell policies and securities. Since that time, several Ameritas customers have alleged Muskey stole money from them (the "Muskey Claims"), and they demand compensation from Ameritas to make them whole, along with restoration or rescission of policies. At the time the Complaint was filed, Ameritas had paid $2,547,221.50 to resolve Muskey Claims, and at least two claims remained pending.

Ameritas provided timely notice to Federal of the Muskey Claims. Federal issued two payments to Ameritas in the total amount of $709,747.18 in 2015. But Ameritas claims that under the Bond, Federal still owes Ameritas approximately $1,337,474.32 plus additional costs, including the cost of any unresolved Muskey Claims.

Ameritas alleges Federal has breached the Bond by failing to properly defend Plaintiffs' interests and by failing to fully reimburse Ameritas for settlement amounts paid to resolve the Muskey Claims. Federal claims it did not breach the terms of the Bond contract; that the Ameritas payments at issue in this lawsuit settled claims which were not covered under the Bond. Federal states there is no Bond coverage for claims arising from funds that customers "voluntarily provided to Muskey . . . not the Plaintiffs." (Filing No. 33 at CM/ECF pp. 2–3).

In addition to asserting a contract claim under the Bond, Ameritas alleges claims for unjust enrichment and bad faith. In support of the bad faith claim, Ameritas asserts that although Federal has reimbursed Ameritas for some losses resulting from Muskey's "dishonest" conduct, "Federal refuses to and  continues to refuse to pay other covered losses." (Filing No. 1 ¶¶ 38 & 39 at CM/ECF p. 6).

Federal now seeks to bifurcate the discovery and trial of these proceedings, alleging a failure to do so will prejudice Defendant. Specifically, Federal seeks an order separating the contract claims from Ameritas' remaining claims, with the contract action proceeding first,

followed by discovery and trial on the unjust enrichment and bad faith claims if Ameritas prevails on the contract action.

ANALYSIS

Fed. R. Civ. P. 42(b) provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial.

Trial courts have great discretion in determining when to bifurcate proceedings; the burden is on the party seeking bifurcation to demonstrate it will be prejudiced if the claims are not bifurcated.  See Athey v. Farmers Ins. Exchange, 234 F.3d 357,  362 (8th Cir. 2000).

> In order for a court to grant bifurcation, the party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials, based on the circumstances of the individual case.  Novopharm Ltd. v. Torpharm, Inc., 181 F.R.D. 308, 310 (E.D.N.C.1998).  Thus, "even if bifurcation might somehow promote judicial economy, courts should not order separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice. Essentially, ... courts must balance the equities in ruling on a motion to bifurcate."  Laitram, 791 F.Supp. at 115.

Real v. Bunn-O-Matic Corp., 195 F.R.D. 618, 620 (N.D. Ill. 2000).  When determining whether to bifurcate discovery and trial of separate claims, courts consider not only the general factors set forth in Rule 42(b) (convenience, prejudice, expediency and economy), but also:

- whether the issues sought to be tried separately are significantly different;

- whether they are triable by jury or the court;

- whether discovery has been directed to a single trial of all issues;

- whether the evidence required for each issue is substantially different;

- whether one party would gain some unfair advantage from separate trials;

- whether a single trial of all issues would create the potential for jury bias or confusion; and

- whether bifurcation would enhance or reduce the possibility of a pretrial settlement.

See Martin v. Bell Helicopter Co., 85 F.R.D. 654, 658 (D.Col.1980); Gonzalez–Martin v. The Equitable Life Assurance Society, 845 F.2d 1140, 1145 (1st Cir.1988); Kimberly-Clark Corp. v. James River Corp. of Virginia, 131 F.R.D. 607, 608-09 (N.D. Ga. 1989).


Bifurcation may be appropriate where Plaintiff alleges claims for breach of an insurance contract and insurer bad faith. A separate trial on the coverage and bad faith claims may be justified where the evidence relevant to the bad faith trial could be prejudicial in the coverage litigation.  See O'Malley v. United States Fidelity and Guar. Co., 776 F.2d 494, 501 (5th Cir. 1985); Kermeen v. State Farm Ins. Co., No. 8:14cv416, 2015 WL 4727646 (D. Neb. August 10, 2015);  Karpenski v. American General Life Co., LLC, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012); American National Red Cross v. Travelers Indemnity Co. of Rhode Island, 924 F. Supp. 304, 308 (D.D.C. 1996); Brown v. Ohio Cas. Ins. Co., case no. 06-5018, 2006 WL 2265366 (W.D. Mo. Aug. 7, 2006). But if the discovery on the claims "substantially overlaps," bifurcation may create a duplicative process which "promote[s] inefficiency, inconvenience and the unnecessary expenditure of resources." Kiskidee, LLC v. Certain Interested Underwriters at Lloyd's of London Subscribing Subscribing to Policy No. NB043060B, No. 2009-077, 2012 WL 1067918, *4–5 (D.V.I. Mar. 26, 2012)(citations omitted).


Plaintiffs argue their discovery on the bad faith and breach of contract claims overlap and bifurcation would not promote judicial economy. Plaintiffs argue the breach of contract and bad faith claims both center on "how and why" Federal interpreted 'direct losses' to include some Muskey Claims but not others. (Filing No. 62 at CM/ECF p. 6). They argue

that Federal's rationale for partially denying the Muskey claims is continually shifting, and the only way to determine the true basis for Federal's denial is through discovery.

After reviewing the record, Plaintiffs' argument is not persuasive. Federal has described its rationale for the partial denial, including how it interprets 'direct loss,' with consistency throughout the claims process and in the course of this case. (See Filing Nos. 1-8 at CM/ECF pp. 2–4; 27 at CM/ECF p. 12; 33 at CM/ECF pp. 2–3; 67 at CM/ECF p. 1–2).[1] The evidence relevant on the breach of contract and bad faith actions will not significantly overlap, and evidence presented for the bad faith claim will potentially prejudice a fair determination of the breach of contract claim.

The breach of contract claim will focus on the Bond agreement and its terms along with the facts underlying the individual Muskey Claims. But Ameritas' pleadings and discovery requests demonstrate that Plaintiffs intend to discover and potentially present evidence of Federal's policy administration and claim payment philosophy; claim payment history including information regarding Federal's payment of claims with other clients; and information regarding Federal's reserves set aside for the Muskey Claims. (See Filing Nos. 1, 69, & 70). While this evidence may be relevant to show Federal's improper motive and bad faith denial of certain Muskey claims, it is not relevant when deciding if Defendant breached the terms of the Bond. And absent a threshold showing that the contract was breached, discovery and presentation of Federal's claim processing information could potentially and unnecessarily require disclosure of otherwise privileged information,[2] create jury confusion, and inject prejudice into the proceedings. See Kermeen v. State Farm Ins. Co., 2015 WL 4727646 *3 (D. Neb. August 10, 2015)("Defendant's motivation in denying the claim has

---

[1] In each of these filings, Federal has stated, in one way or another, that certain claims were not covered because the money at issue was not stolen directly from Ameritas customer accounts, but was money stolen from customer's 'pockets' which Ameritas later paid as third-party settlements.

[2] Federal has raised privilege objections to several production requests. (Filing No. 70 at CM/ECF p. 3).

nothing to do with whether it breached the contact, and the introduction of such evidence would likely inject prejudice into the proceedings and create jury confusion or bias with respect to the breach of contract claim.").

As noted previously by this court, under Nebraska Law if a breach of contract claim fails or is not "viable," the bad faith claim will likely also fail. Lynch v. State Farm Mut. Auto Ins. Co., 275 Neb. 136, 143-44, 745 N.W.2d 291, 297 (Neb. 2008); see also Welfl v. Northland Ins. Co., 192 F.3d 1169, 1173 (8th Cir. 1999)(because there was no evidence the insurance company denied the plaintiff any benefits due under the insurance policy, the district court did not err in granting judgment as a matter of law on the bad faith tort claim). If the court finds in favor of Federal on the breach of contract claim, Ameritas' bad faith claim and unjust enrichment claims will likely be moot. Separate trials will promote judicial economy.

The same rational applies to Defendant's motion to bifurcate discovery. As exemplified by Ameritas' pending motion to compel, Plaintiffs seek production of claims manuals and documents used by Federal when handling claims; and claims files where the claim decision revolved around Federal's interpretation of "directly" or "indirectly" dishonest acts. (See Filing No. 70). These discovery requests are designed to determine Defendant's motive or bad faith in denying certain Muskey Claims. Absent bifurcating discovery on the bad faith claim, extensive discovery battles will ensue, including disputes over privilege logs, the need for protective orders, and the extent of dissemination permitted, or coverage provided, under those orders. (See Filing No. 70). Investing substantial time and resources on discovery relevant only to the bad faith claim will no doubt delay resolving the breach of contract action.

So like the trial, the discovery for this case will be bifurcated: All but discovery regarding the breach of contract action will be stayed pending the resolution of the breach of contract claim. Since discovery on the bad faith claim will be stayed, Plaintiff's motion to compel is denied without prejudice to refiling at the appropriate time.

6

7

Accordingly,

IT IS ORDERED,

1)   Defendant's motion to bifurcate, (Filing No. 46), is granted.  This case is severed for trial.  The Plaintiffs' breach of contract claim will be tried first and separately from the remaining claims in Plaintiffs' complaint.

2)   Subject to any mutual agreement or stipulation between the parties to the contrary, discovery on all claims but the breach of contract claim is stayed pending resolution of the contract claim.

3)   The Plaintiffs' Motion to Compel, (Filing No. 69) is denied without prejudice to refiling as set forth in the body of this order.

4)   Counsel shall email chambers within five days of this order to schedule a planning conference to discuss further progression of this case.

Dated this 31st day of January, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge